IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| GARY LORENRO DAVIS, et al., | : Case No. 1:21-cv-615 |
| Plaintiffs, | : Judge Matthew W. McFarland |
| v. | : |
| ALEJANDRO MAYORKAS, Secretary of the United States Department of Homeland Security, et al., | : |
| Defendants. | : |

---

**ORDER GRANTING DEFENDANTS' AMENDED MOTION TO SEAL U.S. CITIZENSHIP AND IMMIGRATION SERVICES' CERTIFIED ADMINISTRATIVE RECORD (Doc. 18)**

---

On September 3, 2021, Plaintiffs brought this case seeking review of the U.S. Citizenship and Immigration Services' ("USCIS") decision to deny Plaintiffs' I-130 and I-485 visa applications. (Complaint, Doc. 1.) The case is now before the Court on Defendants' Amended Motion to Seal USCIS Certified Administrative Record ("CAR"), wherein Defendants request that the Court to file the entire CAR under seal (Doc. 18).

Federal courts have long recognized a strong presumption in favor of openness which can only be overcome by "the most compelling reasons." *Shane Group., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (citing *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). Accordingly, "[t]he burden of overcoming that presumption is borne by the party that seeks to seal them." *Brown & Williamson*

*Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983). "To meet this burden, the party must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019). To do so, the party must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* (citing *Shane Group.*, 825 F.3d at 305). And typically, in civil litigation, only trade secrets, information covered by a recognized privilege, and information required by statute to be maintained in confidence is typically enough to overcome this presumption. *Shane Group.*, 825 F.3d at 305.

Considering the sensitive nature of the information contained within the CAR and nature of this case, Defendants have demonstrated that (1) compelling interests exist to seal the CAR, (2) such interests outweigh the public's interest in accessing the CAR, and (3) Defendants' request is narrowly tailored. Therefore, Defendants' Amended Motion to Seal the USCIS Certified Administrative Record (Doc. 18) is **GRANTED**. Defendants may file the CAR under seal.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *Matthew W. McFarland*
JUDGE MATTHEW W. McFARLAND