# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| GARY LORENZO DAVIS, *et al.*,<br>　　Plaintiffs, | Case No. 1:21-cv-615<br>McFarland, J.<br>Litkovitz, M.J. |
| vs. | |
| ALEJANDRO MAYORKAS, Secretary<br>of United States Department of Homeland<br>Security, *et al.*,<br>　　Defendants. | **ORDER** |

On September 23, 2021, plaintiffs filed their complaint for review of defendants' denial of the I-130 (Petition for Alien Relative) and I-485 (Adjustment of Status to Lawful Permanent Resident) pursuant to the Administrative Procedures Act (APA).[1] (Doc. 1). Defendants moved for and were granted permission to file the Certified Administrative Record (CAR) under seal. (Docs. 17-19). This matter is before the Court on plaintiffs' Motion to Compel Production of Unredacted CAR (Doc. 23), defendants' response (Doc. 25), and plaintiffs' reply (Doc. 28).[2] The District Judge's reference of this matter to the undersigned is limited to the adjudication of this motion. (*See* Doc. 29).

---

[1] As explained in *Makhamreh v. Attorney General Department of Justice*:

> When a United States citizen marries a non-citizen, the United States citizen can file a Form I-130 for an immediate relative visa. [Immigration and Nationality Act (INA)] § 204(a), 8 U.S.C. § 1154(a); 8 C.F.R. § 204.2(a); *see* INA § 201(b)(2)(A)(i), 8 U.S.C. § 1151(b)(2)(A)(i). The petitioner must establish that the marriage was bona fide at its inception by a preponderance of the evidence. If the Form I-130 is approved, the beneficiary may seek lawful permanent residence by filing a Form I-485, Application to Register Permanent Residence or Adjust Status. *See* INA § 245(a), 8 U.S.C. § 1255(a).

No. 3:18-cv-227, 2020 WL 6146593, at *2 n.3 (S.D. Ohio Oct. 20, 2020).

[2] Plaintiffs refiled their motion pursuant to the Clerk's Notice of Non-Compliance with S.D. Ohio Civ. R. 5.1(c). (*See* Docs. 21, 22). Defendants' response also corrects a prior version. (*See* Doc. 24).

**I. Background**

Plaintiff Gary Lorenzo Davis, a U.S. Citizen, married plaintiff Uwa Maureen Afolabi, a Nigerian citizen, in Hamilton County, Ohio on January 31, 2018. (Doc. 1 at PAGEID 3-4). On February 28, 2019, United States Citizenship and Immigration Services (USCIS) denied plaintiff Davis's I-130 and plaintiff Uwa Afolabi's I-485. (*Id.* at PAGEID 4). On May 16, 2019, USCIS dismissed plaintiff Uwa Afolabi's motion to reopen and reconsider its decision. (*Id.*; *see also* Doc. 17 at PAGEID 133). On August 5, 2019, plaintiff Davis adopted plaintiff Uwa Afolabi's two children in Butler County, Ohio. (Doc. 1 at PAGEID 4). On November 4, 2019, the Board of Immigration Appeals denied plaintiff Davis's appeal, and removal proceedings are pending. (*Id.* at PAGEID 4-5; *see also* Doc. 17 at PAGEID 124-28).

In their motion to compel, plaintiffs argue that redactions in the CAR prevent them from fully and fairly challenging defendants' decisions below. The CAR filed in this Court includes the USCIS Fraud Detection & National Security (FDNS) unit's Statement of Findings (SOF). In particular, plaintiffs attach to their motion 21 pages from the SOF that they seek to have unredacted. (*See* Doc. 23-1 at PAGEID 821-41).[3]

After initial review of the pending motion, the Court issued an order directing defendants to (1) submit the unredacted SOF to the Court for *in camera* review, and (2) file a supplement to their response detailing the particular privileges asserted and corresponding justifications. (Doc. 31 at PAGEID 885). Defendants complied and submitted a detailed log of asserted privileges and protections, including the Privacy Act (5 U.S.C. § 552a), the law enforcement privilege, the

---

[3] Plaintiffs do not identify the 21 PAGEID numbers in the CAR itself to which their attachment corresponds. Based on the Court's review, however, the SOF begins at PAGEID 275 of the CAR. PAGEID 821-41 of plaintiffs' motion's exhibit (Doc. 23-1) appear to correspond to PAGEID 276-77, 279-81, 283-291, and 308-11 of the CAR (Doc. 17). One of the pages in plaintiffs' filing appears duplicated (*see* Doc. 23-1 at PAGEID 823 and 826), and the Court was unable to determine the PAGEIDs of the CAR to which Doc. 23-1 at PAGEID 836 and 837 correspond.

deliberative process privilege, and the third agency rule. (Doc. 32). The Court gave plaintiffs until October 13, 2022 to file a supplemental reply. (Doc. 33). To date, plaintiffs have not replied.

**II. APA**

This Court has jurisdiction over plaintiffs' lawsuit. *Adi v. U.S.*, 498 F. App'x 478, 480-81 (6th Cir. 2012) (determinations regarding I-130 petitions are subject to district court review). The APA directs courts to "hold unlawful and set aside agency action, findings, and conclusions of law" that are found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. . . ." 5 U.S.C. § 706(2)(A). "An agency decision is arbitrary and capricious if the agency fails to examine the relevant evidence or articulate a satisfactory explanation for the decision." *Bangura v. Hansen*, 434 F.3d 487, 502 (6th Cir. 2006) (citing *Motor Vehicle Mfrs. Assn v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 42-43 (1983)). Under long-standing principles of administrative law, courts "should accept the agency's factual findings if those findings are supported by substantial evidence on the record as a whole." *Arkansas v. Oklahoma*, 503 U.S. 91, 113 (1992) (emphasis deleted). "[E]ven when an agency explains its decision with less than ideal clarity," its decision will not be overturned "on that account if the agency's path may reasonably be discerned." *Bangura*, 434 F.3d at 502 (quoting *Alaska Dep't of Env't Conservation v. E.P.A.*, 540 U.S. 461, 497 (2004)). Courts must make a "searching and careful" inquiry into an agency's decision, but the substantial evidence standard of review is ultimately narrow and deferential. *Nat'l Cotton Council of Am. v. U.S. E.P.A.*, 553 F.3d 927, 934 (6th Cir. 2009) (quoting *Citizens Coal Council v. U.S. E.P.A.*, 447 F.3d 879, 890 (6th Cir. 2006)); *Ky. Waterways Alliance v. Johnson*, 540 F.3d 466, 474 (6th Cir. 2008) (explaining that the arbitrary and capricious standard is deferential but not inconsequential).

The Court in reviewing an agency's decision "shall review the whole record or those parts of it cited by the party. . . ." 5 U.S.C. § 706. "[T]he administrative record for judicial review consists of all materials that were before the agency when it made the challenged decision." *Sherwood v. Tenn. Valley Auth.*, 842 F.3d 400, 407 (6th Cir. 2014) (citing *Sierra Club v. Slater*, 120 F.3d 623, 638 (6th Cir. 1997)). "[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Little Traverse Lake Prop. Owners Ass'n v. Nat'l Park Serv.*, 883 F.3d 644, 657 (6th Cir. 2018) (quoting *Kroger Co. v. Reg'l Airport Auth. of Louisville & Jefferson Cnty.*, 286 F.3d 382, 387 (6th Cir. 2002)). Warranted supplementation of the administrative record is rare and requires a demonstration of "exceptional circumstances." *Id.* (quoting *Charter Twp. of Van Buren v. Adamkus*, No. 98-1463, 1999 WL 701924, at *4 (6th Cir. Aug. 30, 1999)). "Absent clear evidence to the contrary, the reviewing court assumes the agency has properly designated the administrative record." *Sherwood v. Tennessee Valley Authority*, 590 F. App'x 451, 459-60 (6th Cir. 2014) (citing *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993)).

**II. Arguments**

Plaintiffs first argue that the SOF should be unredacted pursuant to liberally construed Federal Rules of Civil Procedure pertaining to discovery. *See* Fed. R. Civ. P. 34, 37. Plaintiffs also argue that SOFs are not covered by the deliberative process privilege and therefore should not be redacted in the CAR. Plaintiffs rely on *Zerezghi v. U.S. Citizenship & Immigr. Servs.*, 955 F.3d 802 (9th Cir. 2020), and *Bangura* for the proposition that they are entitled to production of an unredacted SOF based on their procedural Due Process right "to a fair adjudication of their I-130/I-485." (Doc. 23 at PAGEID 817).

4

In response, defendants argue that the CAR as filed (i.e., redacted) is entitled to a strong presumption of regularity. (*See* Doc. 25 at PAGEID 853 (citing *Pilica v. Ashcroft*, 388 F.3d 941, 949-50 (6th Cir. 2004) (summarizing Supreme Court and various circuits' authority holding that administrative procedures and actions are entitled to a presumption of regularity)). Defendants also argue that plaintiffs have not put forth clear evidence that the CAR has not been properly designated. (*See id.* at PAGEID 854 (citing *Pac. Shores Subdivision, Cal. Water Dist. v. U.S. Army Corps of Engineers*, 448 F. Supp. 2d 1, 5 (D. D.C. 2006) ("[A]bsent clear evidence to the contrary, an agency is entitled to a strong presumption of regularity, that it properly designated the administrative record.")). Defendants argue that they are not required to produce privileged materials as part of the CAR because an agency's actual subjective motivation is irrelevant; only its stated reasons are considered absent bad faith or improper motive. (*See id.* at PAGEID 855 n.1 (citing *In re Subpoena Duces Tecum Served on Off. of Comptroller of Currency*, 156 F.3d 1279, 1279-80 (D.C. Cir. 1998), and PAGEID 856-57 (citing *Gen. Elec. Co. v. Jackson*, 595 F. Supp. 2d 8, 18 (D.D.C. 2009), *aff'd*, 610 F.3d 110 (D.C. Cir. 2010)).

Defendants characterize plaintiff's request as one for supplementation of the CAR. They argue that only limited, exceptional circumstances warrant such supplementation, and plaintiffs carry a heavy burden to demonstrate that supplementation is necessary to adequately review the agency's decision. (*See id.* at PAGEID 855 (citing *Slater*, 120 F.3d at 638, and *Musa v. Nielsen*, No. 18-12073, 2020 WL 4587406, at *2 (E.D. Mich. Feb. 11, 2020))). Defendants argue that merely identifying omitted documents is not sufficient to warrant supplementation of the CAR. (*See id.* at PAGEID 855-56 (citing *Qing Tian v. United States*, No. 1:15-cv-264, 2017 WL 2964910, at *4 (S.D. Ohio July 12, 2017)). Defendants argue that plaintiffs' own motion includes, via attachment, the *unredacted* information from the SOF on which defendants based

5

their determination. (*See id.* at PAGEID 856, referring to Doc. 23-1 at PAGEID 822-26). Defendants also submit the declaration of FDNS officer Megan M. Green, who averred that the redacted portions of the SOF at issue "consist[] of the FDNS Officer's opinion based on her findings[,]" "check boxes, internal processing comment boxes, . . . notes from the internal system checks[,]" "printouts from the internal systems checks, photos and documents obtained from the site visit, and third party records." (Doc. 25-1 at PAGEID 860).

In reply, plaintiffs point to a recent case from this Court discussing *Zerezghi* as support for their position that Due Process compels production of the unredacted SOF. (Doc. 28 at PAGEID 866 (citing *Hamad v. Mayorkas*, No. 3:20-cv-476, 2022 WL 3081971, at *5 (S.D. Ohio Aug. 3, 2022)). Plaintiffs also argue that they do not seek supplementation of the CAR and agree that its regularity is not in dispute; rather, they argue that they seek *full* production of the otherwise properly designated CAR. Plaintiffs next reiterate their position that SOFs are not covered by the deliberative process privilege. Finally, plaintiffs reiterate that the redactions prevent a fair challenge to defendants' determinations below.

In defendants' supplemental response, they emphasize that plaintiffs' procedural Due Process claim—even if it were recognized—does not require disclosure of the unredacted SOF in this case. Defendants argue that plaintiffs have not asserted that the particular derogatory information forming the basis for its denials has been withheld via redaction. Defendants also argue that plaintiffs were afforded Due Process in the proceedings below.

## III. Decision

Disposition of plaintiffs' motion raises three primary questions. First, do plaintiffs seek supplementation of the CAR, which requires a threshold demonstration of unusual or exceptional

circumstances? Second, have defendants properly asserted privileges justifying their redactions? Third, do proper assertions of privilege nevertheless deny plaintiffs Due Process?

As to the first question, the Court finds that plaintiffs do not seek to supplement the CAR by requesting that the SOF—already made part of the CAR by defendants—be unredacted. Sixth Circuit authority discussing this issue and the burdens associated with supplementation of a CAR is largely factually distinguishable. *See, e.g.*, *Little Traverse Lake Prop. Owners Assoc.*, 883 F.3d at 653 (the plaintiffs sought to supplement with photos, maps, and lay testimony); *Adamkus*, 188 F.3d 506, at *4 (the plaintiff sought to supplement with an affidavit and depositions); *Slater*, 120 F.3d at 638 (the plaintiffs sought to supplement "with *other records* related to the Project") (emphasis added); and *Musa*, 2020 WL 4587406, at *1 (the plaintiffs sought to supplement with various other documents, administrative files, policies, manuals, trainings, and personnel records). When considering redactions in particular, courts have reached different results. *Compare Pitman v. U.S. Citizenship & Immigr. Servs.*, No. 2:17-cv-00166, 2018 WL 6725535, at *1 (D. Utah Dec. 21, 2018) (request for unredacted documents not treated as a request for supplementation), *with Singh v. United States*, No. 1:20-cv-799, 2021 WL 3930312, at *1 (N.D. Ohio Sept. 2, 2021) (request for unredacted documents treated as a request for supplementation).

The Court appreciates the authority cited by defendants regarding the presumption of regularity afforded to an agency's compilation of the CAR. *See, e.g.*, *Pilica*, 388 F.3d at 949-50 (summarizing authority for the general presumption of regularity afforded to agency action). The Court is equally mindful, however, of the well-established principle that a party asserting a privilege bears the burden of establishing its existence and that privileges are narrowly construed. *See Iron Workers Loc. Union No. 17 Ins. Fund v. Philip Morris, Inc.*, 35 F. Supp. 2d

582, 591 (N.D. Ohio 1999) ("Because privileges keep relevant evidence from the fact-finder, the party making claim of an attorney-client privilege bears the burden of proving that the privilege is applicable. . . . The privilege is ordinarily strictly construed."). Balancing the foregoing under the circumstances at bar, the Court is not persuaded that plaintiffs' request should be measured against the requirements for supplementation under the APA. The Court therefore turns to the privileges asserted.

Plaintiffs have not challenged defendants' more robust privilege designations asserted and explained in their supplemental response (Doc. 32). Plaintiffs have only challenged defendants' assertion of the deliberative process privilege. "The deliberative process privilege protects 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Marko v. Barr*, No. 2:18-cv-11089, 2019 WL 1236452, at *3 (E.D. Mich. Mar. 18, 2019) (quoting *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975)). Plaintiffs argue that "the redacted pages pertain to factual findings of the FDNS and [do] not permeate or intrude[]into the agency[']s 'deliberat[ive] processes.'" (Doc. 23 at PAGEID 815; *see also* Doc. 28 at PAGEID 867-69). Plaintiffs' discussion of the deliberative process privilege suggests that covered materials must have "higher level policy implications. . . ." (Doc. 28 at PAGEID 869). The Court is not persuaded, however, that this is a relevant distinction. *See, e.g., United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 141 S. Ct. 777, 785 (2021) (referring to the fact that the deliberative process privilege covers "advisory opinions" and "recommendations") (quoting *N.L.R.B.*, 421 U.S. at 150); *Dawson v. Sullivan*, 136 F.R.D. 621, 624 (S.D. Ohio 1991) ("The deliberative process privilege . . . promote[s] frank discussion of issues relating to . . . *the making of specific adjudicative decisions*[] within a governmental agency. Once an agency makes a

8

decision, it is obligated to state both the decision and the reasons that support it. *Those* matters are public records.") (emphasis added).

The Court has reviewed defendants' supplemental response (Doc. 32) and the unredacted SOF and is satisfied that defendants' assertions of the deliberative process privilege are proper. Contrary to plaintiffs' assertions otherwise, defendants' assertions of the deliberative process privilege do not pertain to factual findings but rather internal agency notes and recommendations regarding this case. The Court's analysis, therefore, turns on the procedural Due Process element of plaintiffs' argument: whether even properly asserted privileges violate plaintiffs' constitutional right to procedural Due Process.

Plaintiffs argue that *Bangura* "recognized the right to procedural Due Process in immigration fraud cases." (Doc. 23 at PAGEID 816). In fact, however, the *Bangura* court noted, "[w]hile this Court recognizes that the Banguras have a fundamental right to marry, it does not agree with Plaintiffs' characterization of the nature of the government's infringement. A denial of an immediate relative visa does not infringe upon their right to marry." 434 F.3d at 496. The Sixth Circuit expressly left open the question of whether there is a protected property interest in an immediate relative visa. *Id.* at 496. As explained in *Hamad*, the recent authority from this Court raised by plaintiffs in their reply:

> In [*Bangura*], the Sixth Circuit rejected as improvidently raised the plaintiffs' argument that they had a property interest in a spousal visa. [434 F.3d at 496]. The *Bangura* plaintiffs did not argue, and the Sixth Circuit did not consider, whether they had a procedural due process right to derogatory information underpinning a Form I-130 denial. *Id.*

9

2022 WL 3081971, at *5 (S.D. Ohio Aug. 3, 2022).[4] This is in contrast to the Ninth Circuit, which has expressly acknowledged "a constitutionally protected interest in the grant of an I-130 petition." *Zerezghi*, 955 F.3d at 808.[5]

Even if, however, the Sixth Circuit were to recognize a protected property interest in an immediate relative visa, a procedural Due Process violation requires a plaintiff to show both that "(1) he or she was deprived of a protected liberty or property interest, and (2) the 'deprivation of that interest contravened notions of due process.'" *Abdulla v. Cuccinelli*, 840 F. App'x 827, 840 (6th Cir. 2020) (quoting *Thomas v. Cohen*, 304 F.3d 563, 576 (6th Cir. 2002)). In the immigration context, due process requires "notice reasonably calculated to provide actual notice of the proceeding[s] and a meaningful opportunity to be heard[.]" *Id.* at 840 (quoting *Cabrera-Ramos v. Gonzales*, 233 F. App'x 449, 453 (6th Cir. 2007)).

Here, defendants provided a Notice of Intent to Deny the I-30, which gave plaintiffs 30 days to respond with additional information and argument. (Doc. 17 at PAGEID 270-73). Plaintiffs appealed the I-30 decision (*see id.* at PAGEID 124-32, 160-63, 208-14) and moved to reopen/reconsider the I-485 decision (*see id.* at PAGEID 133-59, 195-96). In addition, defendants maintain that the factual information used in their determinations is in the *unredacted* portion of the SOF at issue. (*See* Doc. 25 at PAGEID 856, referring to Doc. 23-1 at PAGEID 822-25). Plaintiffs assert in reply, without explanation, that officer Green's declaration "establishes that the redacted information was used to deny the I-130. . . ." (Doc. 28 at PAGEID 866). The Court's review of the unredacted SOF suggests otherwise.

---

[4] The *Bangura* court acknowledged "a decent amount of support" for the proposition that 8 U.S.C. §§ 1151 and 1154 "create[] a protected property interest" under the Due Process clause. 434 F.3d at 496 n.2.
[5] In *Zerezghi*, USCIS had relied on a particular document (an apartment-rental application) for its determination that was never made available to the plaintiffs throughout the administrative proceedings. *Id.*

In sum, plaintiffs have not cited persuasive authority that the Sixth Circuit has recognized a procedural Due Process right to a spousal visa.  Even if they had, plaintiffs have offered no colorable argument that the SOF's redactions have interfered with their "meaningful opportunity to be heard" related to their immigration petitions.  *See Abdullah*, 840 F. App'x at 840 (quoting *Cabrera-Ramos*, 233 F. App'x at 453).  As such, plaintiffs cannot establish that they have suffered any violation of a procedural Due Process right.  Plaintiffs' motion (Doc. 23) is **DENIED**.

**IT IS SO ORDERED.**

Date: 10/25/2022

Karen L. Litkovitz
Chief United States Magistrate Judgep